### EHRHARDT v. BREELAND.

1. JUDGMENT—DISQUALIFICATION OF JUDGE—RELATIONSHIP—MAGISTRATE.—A motion in Circuit Court to set aside a judgment of magistrate on ground of relationship between movant—defendant—and magistrate, made on affidavit without notice to opposite side, affidavit not stating that disqualification existed at time of trial, was properly refused.

2. EVIDENCE.—NONSUIT properly refused, because no evidence to show that defendant seized crops as agent of the landlord, his statement to that effect not being sufficient.

3. CLAIM AND DELIVERY.—DEMURRER on ground of fatal variance between affidavit in claim and delivery and pleadings as afterwards amended by bringing in new party plaintiff, properly overruled.

Before BENET, J., Bamberg, April, 1899. Affirmed.

Action by C. Ehrhardt and Charles Copeland against J. S. Breeland. Defendant is appellant.

*Messrs. Inglis & Graham,* for appellant, cite: *Lack of qualification to sit as presiding magistrate renders judgment void:* 19 Stat., 851; 34 S. C., 163. *Certain prerequisites essential to issuance of any process in claim and delivery:* Code, sec. 71, subsec. 11. *Paramount and protected lien of landlord for rent:* Gen. Stats., 1824; 36 S. C., 278. *Statute provides exclusive proceedings in matter of enforcing liens:* Gen. Stats., 2398 and 2399; 15 S. C., 552; 14 S. C., 35.

*Messrs. Howell, Gruber & Bostick,* contra. Mr. Bostick cites: *Disqualification of Judge was known to appellant at time of trial and refusal to make it then is fatal:* 54 S. C., 127; 51 S. C., 171. *Exceptions here must be limited by questions raised on Circuit:* 54 S. C., 55; 56 S. C., 48. *Refusal of nonsuit proper:* 52 S. C., 224. *Affidavit complied with statute:* Code, 71, sub. 11.

April 3, 1900. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an appeal from the judgment of the Circuit Court affirming the judgment of the magistrate's court in favor of plaintiffs, in an action of claim and delivery for a lot of seed cotton and corn.

The first exception alleges that the Circuit Court erred in dismissing the appeal and affirming the judgment of the magistrate's court, because said judgment is null and void, for the reason that the magistrate who presided therein was disqualified, being married to defendant's niece, and so connected by affinity within the sixth degree, under the prohibition of section 2296 of the Revised Statutes. The alleged disqualification was in no way suggested by the defendant on the trial before the magistrate, although the fact of relationship was known to him, if any existed, at the time of the trial, and in the grounds of appeal from the judgment of the magistrate's court no such objection was raised. It appears that when the appeal came on for a hearing in the Circuit Court, counsel for defendant filed an affidavit by N. P. Smoak, who deposed, "that he is a magistrate in and for the county of Bamberg, and that as such he presided in the case of C. Ehrhardt and Chas. Copeland, plaintiffs, against J. S. Breeland, which resulted in a verdict for plaintiffs. That deponent married a niece of defendant in the action above mentioned, in the year 1892." The affidavit was dated April 15th, 1899, and the trial before the magistrate was on January 27th, 1899. Without any notice to plaintiffs' attorneys, the defendant on this affidavit

moved the Court to declare the judgment of the magistrate's court void, on said grounds of relationship, and the motion was refused. The reason for the refusal of the motion does not appear in the "Case" before us. Appellant now argues that the judgment is a nullity by reason of the magistrate's relationship to himself, and that such jurisdictional infirmity could not be helped by any waiver or consent on his part. We do not regard this question properly before us, for it does not appear that the Circuit Court has decided that such relationship existed at the time of the trial. The affidavit, if properly before the Court for consideration, did not so state; for all that is affirmed in the affidavit is that about seven years before the trial the magistrate married a niece of the defendant. It may be that such relation had been dissolved by the death of the niece before the trial. The relationship must be a subsisting one at the time of the trial, to afford grounds for disqualification. Inasmuch as we are left to conjecture on what ground the Circuit Court refused the motion, we imagine his refusal was because no notice had been given the opposite side of such motion. This was sufficient to justify refusal of the motion. The alleged jurisdictional defect was not one appearing on the face of the appeal record. The disqualifying fact, if any, was one sought to be established by evidence outside such record. Hence it was essential to give due notice of such application, in order that the opposite side might have opportunity to contest such alleged fact. This Court, therefore, will not assume the existence of such relationship, and proceed to decide whether the judgment is absolutely void thereby, nor will we consider whether such defect, if any, is one capable of being waived or consented to. We merely decide that we find no error in the refusal of the motion.

The grounds of appeal from the magistrate's court which were overruled by the Circuit Court are as follows: "I. That the Court erred in refusing to grant the motion of nonsuit made by defendant in said case. II. That the Court erred in overruling the demurrer of defendant to the sufficiency of

the affidavit and pleadings in this case, in that the affidavit upon which the summons was issued, stated the ownership or right of immediate possession of the personal property in dispute to be in plaintiff, C. Ehrhardt, while the complaint made and proof offered by plaintiffs at the time of trial claimed said ownership or right to possession to be in plaintiff, Chas. Copeland; and further, in that there does not appear in the papers in this case any statement as required in actions of this nature by item (4), of subsection 11, of section 71, of the Code of Civil Procedure, by the substantial plaintiff and claimant, Chas. Copeland, that the personal property sought to be recovered in this action has not been seized by virtue of an execution or attachment against the property of said plaintiff."

The exceptions now properly before us raise again these questions. We do not think there was any error in the refusal of the motion for nonsuit. The evidence tended to show that the defendant seized the crop of the plaintiff, Copeland, stating to said Copeland that he had it attached for rent due Bates & Simms, who had rented the entire place to J. Allen Copeland, from whom the plaintiff had subrented; that about sixty bushels of the corn seized by defendant from plaintiff, Copeland, was not grown on the leased premises, and not subject to any lien for rent in favor of Bates & Simms. There was no testimony as to any attachment proceedings of any nature whatsoever except the statement of defendant to Copeland at the time of seizure, and plaintiff never consented to such seizure. The defendant offered no evidence whatever to show by what authority he made such seizure, and his mere declaration to Copeland that he was acting as agent of the landlord goes for naught in showing that he was in lawful possession of plaintiff's property. The right of a landlord to seize the crops of a subtenant for rent due by the tenant is not involved in this case, for there was no evidence at all tending to show a seizure by the defendant as agent of the landlord.

We also think there was no error in overruling the demur-

10—57

rer to the pleadings. The action was originally commenced in the name of C. Ehrhardt, whose only interest in the property seized by the defendant, it seems, was by virtue of a lien for agricultural advances. When the action was commenced, he made an affidavit stating, among other things, "that he was owner of, or that he is entitled to the immediate possession of, by reason of a lien thereon, &c., the following described property, &c." It was also stated in the affidavit, "that said property has not been taken for any tax, &c., pursuant to statute, or seized by virtue of an execution or attachment against the same," in terms more comprehensive than the statute, which required a statement, "that said property has not been taken for any tax, &c., pursuant to statute, or seized by virtue of an execution or attachment against the property of said plaintiff." So that the affidavit is broad enough to carry the statement that the property had not been seized by virtue of any attachment at all, whether against the property of affiant or against the property of Copeland in the hands of Breeland, the possession of which Ehrhardt was claiming by virtue of a lien thereon. When the case came on for hearing, plaintiff's attorney moved to amend the complaint by making Charles Copeland plaintiff with Ehrhardt, and also to amend complaint so as to allege substantially that Copeland was owner, and entitled to the possession of the seed cotton and corn (more specifically described than in the original affidavit), and that defendant unlawfully withheld possession of the same, and that Ehrhardt is joined as plaintiff by virtue of a lien which he held over said property for agricultural advances. To the amendments proposed and allowed, defendant's attorney offered no objection, provided the affidavit and other proceedings were also amended to correspond; and upon plaintiffs' attorneys declining to make further amendments, defendant's attorney demurred to the sufficiency of the pleadings on the ground that there is such a variance between the statements of the affidavit upon which the summons was issued and the complaint as amended, as

if the statement of the complaint as amended be true, render the issuance of the summons unlawful under subdiv. 11, sec. 71, of the Civil Code. The objection is not to the amendment, but the sufficiency of the pleadings as amended. The magistrate acquired jurisdiction to issue process in the case upon the affidavit of Ehrhardt which substantially complied with the statute. Whether the proceedings could have been maintained in the name of Ehrhardt alone, upon it appearing that his only claim to possession was through an agricultural lien, is not now involved. The party claiming ownership, and right to immediate possession by reason thereof, being made a plaintiff by amendments not now questioned, the magistrate property overruled the demurrer.

The judgment of the Circuit Court is affirmed.